FILED
...OR COURT

2012 MAY 18 PM 3:40

...ERK OF COURT

# IN THE SUPERIOR COURT OF GUAM

CHRISTOPHER D. ALLEN,

     Plaintiff,

  v.

TERESA LYNN ALLEN,

     Defendant.

DOMESTIC CASE NO. DM0652-11

**DECISION AND ORDER**

## INTRODUCTION

This matter came before the HONORABLE ARTHUR R. BARCINAS on the 25th day of April, 2012, upon review, after trial in this matter was moved due to a conflict with a criminal trial scheduled for the same date. Attorney Seaton Woodley, III represents the Plaintiff, and the Defendant has only appeared through answer. The Court now issues the following Decision and Order on the matter.

## DISCUSSION

On September 16, 2011, the Plaintiff filed a verified Complaint for divorce, claiming to be a resident of Guam. The issues of personal jurisdiction and *forum non conveniens* arise in this case because the Defendant is not present and the Plaintiff has repeatedly requested that trial in this matter be heard as soon as possible by this Court, but is undoubtedly, no longer a resident of Guam. According to the statements contained in the Plaintiff's verified complaint, the Defendant is also not a resident of Guam. Trial was originally set for April 25, 2012. Due

to a conflicting criminal jury trial, which was occurring through that date, and lasted approximately one week, the Court moved the trial in this matter. However, off the record, the Plaintiff appeared outside the courtroom on April 25, 2012, and pleaded that this matter be heard that day, regardless of the on-going criminal trial, because he does not live here, and was only visiting Guam, at great expense, in order to be present for the originally scheduled trial. On May 9, 2012, the Plaintiff's attorney appeared for a further proceeding, and confirmed that the Plaintiff is not now present in Guam, and had departed Guam because he is not a current resident of Guam, and that the Plaintiff was only present in Guam when he initially filed his verified Complaint for Divorce because he was deployed here for military purposes.

On November 9, 2011, the Defendant filed an answer, asserting, among other defenses, that the Superior Court of Guam does not have jurisdiction over this matter because the Plaintiff has only lived in Guam for the purposes of military service, and no longer resided in Guam as of the time of her answer. Further emphasizing the Plaintiff's lack of contacts with Guam as a forum, the Plaintiff himself filed a "NON-WAIVER and NON-CONSENT To division of military Retirement Pension" in which the Plaintiff claimed that the Superior Court of Guam does not have jurisdiction to divide the Plaintiff's military retirement benefits under the Federal Uniformed Services Former Spouses Protection Act (hereinafter "FUSFSPA") because he was "a resident of Guam but only because of military assignment;" and that he is "not a domiciliary of Guam," and he does "not consent to the jurisdiction of this court to divide [his] military pension." Allen v. Allen, Domestic Case No. DM0652-11, NON-WAIVER and NON-CONSENT To division of military Retirement Pension, ¶ 1 (filed November 17, 2011). Despite his insistence that the Superior Court of Guam has no jurisdiction to divide his military pension, the Plaintiff argues that he was a resident of Guam for filing purposes, and the Defendant filed

an answer to the complaint for divorce, thus waiving the defense of personal jurisdiction, and consequently, the Court has personal jurisdiction over both parties solely to grant a divorce and divide other community assets, of which he asserts there are none in Guam.

## A) Procedural Posture

Rule 12(b) states in relevant portion, "[n]o defense or objection is waived by being joined to one or more other defenses or objections in a responsive pleading . . . ." GRCP Rule 12(b) (2012).

A defendant does not waive the defense of personal jurisdiction by appearing and asserting the defense in an answer. GRCP Rule 12(h)(1) governs the question of whether the defense of personal jurisdiction is waived by the failure to raise it in a Rule 12(b) motion prior to answering. The rule states:

> (h) Waiver or Preservation of Certain Defenses. (1) A defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process is waived (A) if omitted from a motion in the circumstances described in subdivision (g), or (B) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course.

GRCP Rule 12(h)(1) (2012).

Under Rule 12(h)(1), the defense of lack of personal jurisdiction is not waived so long as it is presented in an answer. Chase v. Pan-Pacific Broadcasting, Inc., 750 F.2d 131, 132–5 (D.C. Cir. 1984)(J. Ginsburg); Jonnet v. Dollar Savs. Bank of the City of New York, 530 F.2d 1123, 1125, n.5 (3rd Cir. 1976); Gottlieb v. Sandia Am. Corp., 452 F.2d 510, 515 (3rd Cir.) cert. denied, 404 U.S. 938 (1971).

The lack of personal jurisdiction may be asserted after the pleadings are closed, so long as the answer contains a reservation of the defense, because a responsive pleading is the primary

vehicle for asserting defenses and objections under Rule 12(b). <u>Beary v. West Publishing Co.</u>, 763 F.2d 66, 68 (2d Cir.) cert. denied, 474 U.S. 903 (1985). As aptly stated by the <u>Beary</u> court:

> [Appellant]'s initial contention, that [Appellee] by filing an answer waived its right to move to dismiss the complaint or, in the alternative, for summary judgment must be rejected out of hand as frivolous. Although Fed.R.Civ.P. 12(b) encourages the responsive pleader to file a motion to dismiss before pleading, nothing in the rule prohibits the filing of a motion to dismiss with an answer and Fed.R.Civ.P. 56(b) expressly authorizes a party to file a motion for summary judgment "at any time." A plaintiff is not prejudiced by the filing of such motions simultaneously with an answer, as was done here, and that very filing puts the plaintiff on notice that the defendant is not waiving its right to assert the motions.

<u>Id.</u>

Specifically, the fact that a defendant has filed answer which raises the defense of lack of personal jurisdiction, without filing a motion to dismiss, will not remove the defense of lack of personal jurisdiction from the consideration of the court. <u>Molnlycke Health Care AB v. Dumex Medical Surgical Products Ltd.</u>, 64 F.Supp.2d 448, 449 (E.D. Pa. 1999); <u>Martin v. Delaware Law School of Widener University</u>, 625 F.Supp. 1288, 1296, n.4 (D. Del. 1985); <u>Majerus v. Walk</u>, 275 F.Supp 952, 954–5 (D. Minn. 1967). Instead, once the court's personal jurisdiction over defendant has been challenged, if the Court chooses to rely on the pleadings and affidavits without an evidentiary hearing, the plaintiff bears burden of making a prima facie showing that the cause of action arose from the defendant's forum related activities, i.e., minimum contacts. <u>Fields v. Sedgwick Associated Risks, Ltd.</u>, 796 F.2d 299, 301 (9th Cir. 1986); <u>Reuber v. U.S.</u>, 787 F.2d 599, 600–1 (D.C. Cir. 1986); <u>CutCo Industries, Inc. v. Naughton</u>, 806 F.2d 361, 365 (2d Cir. 1986); see also <u>Molnlycke Health Care AB v. Dumex Medical Surgical Products Ltd.</u>, 64 F.Supp.2d 448, 449 (E.D. Pa. 1999); and <u>Martin v. Delaware Law School of Widener University</u>, 625 F.Supp. 1288, 1296 (D. Del. 1985).

Further, the Court may *sua sponte* assure itself of jurisdiction prior to hearing the merits of any divorce. 19 GCA § 8319(a)(2012). Accordingly, the Court may consider the asserted defense as part of the Court's analysis of its jurisdiction to hear the matter.

## B) Divorce Jurisdictional Issues

### 1) Personal Jurisdiction over the Plaintiff is Questionable

"Physical presence in Guam for ninety (90) days next preceding the commencement of the action shall give rise to a conclusive presumption of residence in Guam as required by § 8318 of this Chapter." 19 GCA § 8319 (2012). The Plaintiff's Verified Complaint for Divorce pleads and proves this jurisdictional requirement of 19 GCA §§ 8318 and 8319, by stating that "Plaintiff is now and for at least ninety (90) days immediately preceding the filing of this Verified Complaint has been a resident of Guam." Pl.s' Compl. for Divorce, p.1, ¶ II (filed September 16, 2011).

"The Superior Court of Guam is not presumed to have jurisdiction over any action for divorce or dissolution of marriage which may be filed in the Superior Court of Guam because the defendant consents." 19 GCA § 8319(a) (2012). In other words, the Court cannot assume jurisdiction over a complaint for divorce simply because the Defendant agrees. Instead, the Court must specifically find that it has jurisdiction over the action based on pled and proved residency. Id.

> For purposes of this Section, a person shall be deemed a resident if one (1) of the parties has been assigned with the U.S. Military to a unit on Guam or a ship home ported in Guam for at least ninety (90) days immediately preceding the filing of a complaint for divorce or dissolution of marriage or if one (1) of the parties is physically present in Guam for at least ninety (90) days immediately preceding the filing of a complaint for divorce or dissolution of marriage.

19 GCA §8318(a) (2012).

In fact, the Court may examine residency and personal jurisdiction over an action for divorce, *sua sponte*:

> Residency must be pled and proved in all divorces or other actions for dissolutions of marriage. Only the parties (i.e., the husband or wife) or *the court can raise the issue of or object to the jurisdiction of the Superior Court of Guam* in an action for divorce or dissolution of marriage, residence of the parties, or other compliance with § 8318 of this Chapter in any case even where the defendant has consented to the divorce or dissolution of marriage.

19 GCA § 8319(a)(2012) (emphasis added).

The Plaintiff has pled and proved through verified statements in his complaint that he was physically present on Guam for more than ninety (90) days prior to filing his complaint, thus making him a resident of Guam for the purposes of seeking a divorce under 19 GCA §§ 8318 and 8319.

Consequently, it seems that for the purposes of filing this complaint, the Plaintiff was a resident of Guam. However, the Plaintiff is no longer a resident of Guam. Perhaps more importantly, the Plaintiff claims that he is not, in fact, a resident of Guam for the purposes of dividing assets. Rather, he asserts that he was only a resident of Guam when it suited his purposes, i.e., obtaining a divorce in a jurisdiction far removed from his wife's current residence; but was not a resident of Guam when it applies to dividing his retirement benefits as a community asset.

The Plaintiff asserts that the FUSFSPA prohibits the Superior Court from dividing his retirement benefits, because he argues that he was only a resident of Guam for military purposes under 10 U.S.C.A. § 1408(c). Under FUSFSPA, jurisdiction to divide federal military pension benefits is limited: jurisdiction must be acquired on the basis of the military spouse's residence other than by reason of military assignment, domicile or consent. 10 U.S.C.A. § 1408(c)(4). In pertinent part, the statute states:

A court may not treat the disposable retired pay of a member in the manner described in paragraph (1) unless the court has jurisdiction over the member by reason of (A) his residence, other than because of military assignment, in the territorial jurisdiction of the court, (B) his domicile in the territorial jurisdiction of the court, or (C) his consent to the jurisdiction of the court.

10 U.S.C. § 1408(c)(4).

The term residence, for purposes of a court's jurisdiction under the terms of FUSFSPA, 10 U.S.C.A. § 1408(c)(4), means a personal presence at some place of abode. Southern v. Glenn, 677 S.W.2d 576, 583 (Tex. App. San Antonio 1984).

In this case, at the time of filing of the complaint, the Plaintiff lived at a place of abode in Guam aboard the USS Frank Cable. *See* 19 GCA § 8318(a). However, he does not continue to live in Guam. He claims that he was residing on Guam only "because of military assignment." Allen, Domestic Case No. DM0652-11, NON-WAIVER and NON-CONSENT To division of military Retirement Pension, ¶ 1 (filed November 17, 2011); and 10 U.S.C.A. § 1408(c)(4). His attorney confirmed for the Court that the Plaintiff is not a current resident of Guam, thus it would appear that under the FUSFSPA, the Superior Court of Guam would have no jurisdiction to divide the Plaintiff's military retirement benefits.

However, Guam law requires that the Court make a division of any community retirement benefits in any decree granting a divorce. "The court, in rendering a decree of dissolution of marriage, must make such order for the disposition of the community property, as in this Chapter provided, and, whenever necessary for that purpose, may order a partition or sale of the property and a division or other disposition of the proceeds." 19 GCA § 8412 (2012) (emphasis added).

In Guam, community property encompasses the right to retirement benefits accrued by an employee spouse as deferred compensation for services rendered when community assets are

contributed to the retirement fund during the marriage. 19 GCA §6101(c) and (g) (2012). Accordingly, under 19 GCA § 8412, in granting any divorce, the Superior Court is required to issue a decree dividing retirement benefits if they are a community asset. Because the Plaintiff consented to the issuance of a divorce decree in Guam, by filing his complaint for divorce here, it appears that he also consented to the issuance of a decree dividing all community property, as provided under the laws of Guam.

The Plaintiff asserts that he should not be subject to the laws of Guam regarding military retirement benefits because he has the right to request a divorce action in one forum but reserve the right to choose a different forum to determine the division of his military retirement benefits under FUSFSPA. On the contrary, FUSFSPA did not create a new right to have the serviceman select the law which will be applied to his military retirement plan in a marriage dissolution proceeding. In re Marriage of Jacobsen, 161 Cal. App. 3d 465, 470–1 (Cal Ct. App. 1984); and 10 U.S.C.A. § 1408(c)(1). When a serviceman elects the jurisdiction of a certain court in a divorce action, he consents to have the substantive law of that jurisdiction apply to his military retirement benefits as well. Id.; Blackson v. Blackson, 579 S.E.2d 704, 712 (Vir. Ct. App. 2003); McHugh v. McHugh, 766 P.2d 133, 134–5 (Idaho 1988); Kildea v. Kildea, 420 N.W.2d 391, 398 (Sup. Ct. Wis. 1988); Parks v. Parks, 737 P.2d 1316, 1318 (Wash. Ct. App. 1987); In re Marriage of Sarles, 143 Cal. App. 3d 24, 29 (Cal. Ct. App. 1983); cf. Tarvin v. Tarvin, 187 Cal. App. 3d 56, 59–61 (Cal. Ct. App. 1986) (court unquestionably had jurisdiction over divorce action and division of retirement benefits where serviceman initiated the proceedings, but lost jurisdiction over retirement benefits under FUSFPSPA when court issued a final judgment omitting division of that asset). By submitting to the jurisdiction of this Court for the purposes of obtaining a divorce, the Plaintiff consented to a divorce decree issued by this

Court, which encompasses the Court's division of all community assets, including the Plaintiff's retirement benefits.

In this case, it is apparent to the Court, in its judgment, that the Plaintiff elected to file his action for divorce in the jurisdiction of Guam in order to obtain the benefit of its distance from and inaccessibility to his wife. In the same filing, he omitted any mention of his military retirement benefits from his list of assets in his complaint for divorce, and later filed an objection to this Court's jurisdiction to divide that asset, in order to avoid the consequence of filing for divorce in a community property jurisdiction. Consequently, the Plaintiff has, at the same time, elected and refused the jurisdiction of this Court, thus leaving the issue of personal jurisdiction over the Plaintiff open to question.

It appears that the sole benefits of choosing Guam as a forum for this divorce action are: 1) the oppressiveness of litigation for the Defendant in a jurisdiction so far removed from Virginia; and 2) the possibility of avoiding the division of the Plaintiff's retirement benefits for a time, until suit is commenced elsewhere. These interests are neither good faith interests nor do they seem consonant with the ideals of justice.

2)  Personal Jurisdiction Over the Defendant is Questionable

Under 19 GCA § 8319(a), CVR Rule 10.1 and GRCP Rule 8(a), it has to appear from either the verified allegations of the complaint or other declaration or affidavit that a cause of action which may be brought in the Superior Court of Guam exists against the Defendant. First, the verified complaint itself is silent as to whether the Plaintiff has a proper cause of action against the Defendant, by failing to allege the facts which would grant this Court personal jurisdiction over the Defendant. Next, the supplemental briefing provided by the Plaintiff is unverified and signed only by Plaintiff's attorney, and therefore, may not be used to satisfy the

requirements of 19 GCA § 8319(a), CVR Rule 10.1 and GRCP Rule 8(a) to prove that this Court has jurisdiction over the Defendant.

GRCP Rule 8(a)(1), entitled "General Rules of Pleading," requires every complaint to set forth all jurisdictional bases for the claims contained therein, stating, "(a) Claims for Relief. A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross claim, or third party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends." GRCP Rule 8(a)(1). The complaint for divorce is utterly devoid of any allegations as to the Superior Court of Guam's jurisdiction over the Defendant, thus failing to meet the minimum requirement of GRCP Rule 8.

CVR Rule 10.1 states: "[e]ach complaint, petition, counter-claim and cross-claim shall state in a separate paragraph entitled "jurisdiction" the statutory or other basis for jurisdiction and the facts supporting jurisdiction." Local Rules of the Superior Court of Guam, CVR Rule 10.1 (2012). The complaint contains no separate paragraph regarding the facts underlying the Court's jurisdiction over this matter and its personal jurisdiction over the Defendant.

"Residency must be pled and proved in *all* divorces or other actions for dissolutions of marriage." 19 GCA § 8319(a) (2012) (emphasis added). More importantly, "[i]n actions for dissolution of marriage, neither the domicile nor residence of the husband shall be deemed to be the domicile or residence of the wife. For the purposes of such an action, each may have a separate domicile or residence *depending upon proof of the fact and not upon legal presumptions.*" 19 GCA § 8319(a) (emphasis added).

The complaint merely claims that the Court has jurisdiction over this action because the Plaintiff is a resident of Guam under 19 GCA § 8318. Interestingly, the Plaintiff pleads and proves that the Defendant is not a resident of Guam, alleging through verified complaint that

she resides in Virginia, and that the courts of Virginia are already handling related issues, because they have jurisdiction, stating, "Defendant and child have resided in Virginia since 2010. Child custody and child support issues are being handled in the State of Virginia, where the minor child lives and where that Court has jurisdiction." Allen, Domestic Case No. DM0652-11, Complaint for Divorce, p. 2, ¶ 5 (filed February 8, 2011).

Failing any facts plead to prove personal jurisdiction over the Defendant based on residence, the Plaintiff's complaint also fails to plead consent. 19 GCA § 8319(b) states:

> All consents to a divorce or dissolution of marriage must be acknowledged or verified before a notary public or other officer authorized to administer oaths within the United States if signed in the United States, acknowledged or verified before a consular officer of the United States or other United States official authorized to take oaths if signed outside the United States, or have a notarized acknowledgement or verification by a foreign notary which is authenticated by a United States consular officer.

19 GCA § 8319(b)(2012).

The Plaintiff's complaint does not contain any allegation that the Defendant has consented to this divorce action. Failing any averment of consent, the Court's file is similarly devoid of any verified or notarized acknowledgment of consent from the Defendant.

Finally, and perhaps most tellingly, 19 GCA § 8319(a) states that even in consent divorce cases, "[t]he Superior Court of Guam *is not presumed to have jurisdiction over any action for divorce or dissolution of marriage* which may be filed in the Superior Court of Guam because the Defendant consents." 19 GCA § 8319(a) (emphasis added). There is no presumption of jurisdiction even where a defendant properly consents, and accordingly, there is no presumption of jurisdiction where the defendant is not present or does not consent. The Court must independently find jurisdiction in each case. On this basis, it is apparent that in order for the Court to properly exercise personal jurisdiction over the Defendant and the action

for divorce, she must be a resident of Guam, *see* 19 GCA § 8319, or she must consent to the action, *see* 19 GCA §§ 8318(b) and 8319(a) and (b), or the Court must find that the Defendant has minimum contacts with the jurisdiction, *see* 7 GCA §§ 14109 and 14110.

The Plaintiff's Complaint for Divorce is conspicuously silent concerning the facts which would establish the personal jurisdiction of the Superior Court of Guam over the Defendant. Further, the Plaintiff has omitted the filing of any declaration, affidavit, or other sworn statement containing evidence proving personal jurisdiction over the Defendant.

Plaintiff neither pleads nor proves personal jurisdiction of the Superior Court of Guam over the Defendant, and fails to show that the Defendant has consented to the divorce. The requirement of either consent or proof of residency of a defendant in a divorce case initiated in Guam is not merely a formality, but rather, an extremely important safeguard, so that the Court may properly find jurisdiction, and may apply the proper laws.

In the case of Rinehart v. Rinehart, 2000 Guam 14, the Supreme Court of Guam expressed concerns regarding abuse of the Guam legal system by resident spouses against non-resident spouses, which it found, creates an opportunity "in which on-island spouses could tamper with the legal rights of off-island spouses." Id. at ¶18. Validating the Supreme Court of Guam's concern, and in violation of the statutory safeguards set by 19 GCA § 8319, the Plaintiff has entirely failed to provide the Court with any admissible evidence regarding the Defendant's residency or consent to this divorce action. It is apparent to the Court that in this case, the Plaintiff is attempting to obtain a divorce from the Defendant without her presence, and over her objections, without division of one of the most important assets of the marriage; the Plaintiff's military retirement benefits. This case presents the scenario which the Supreme Court of Guam warned against in Rinehart.

The Court finds that the Plaintiff has failed his burden to plead and prove facts to show the personal jurisdiction of the Superior Court of Guam over the Defendant. Based upon the proof of the facts provided to the Court, the Court declines to find it has jurisdiction to hear the action, as the Defendant is not a resident of Guam, and has not consented to this action, unless minimum contacts exist between the Defendant and Guam, by which the Court may exercise personal jurisdiction over her, as discussed in the next section of this opinion. *See, e.g.,* Mariano v. Surla, 2010 Guam 2, at ¶¶ 23–29.

Accordingly, the verified complaint fails to establish the Court's jurisdiction over the Defendant as required under GRCP Rule 8(a), CVR Rule 10.1, and 19 GCA § 8319(a).

### 2) No Minimum Contacts Under 7 GCA § 14109

The Court may not exercise jurisdiction over a non-resident, except as permitted by the Organic Act and the United States Constitution. 7 GCA §§ 14109 and 14110 (2012). Both 7 GCA §§ 14109 and 14110 were adopted directly from California's long-arm statute, codified as California Code of Civil Procedure § 410.10. Under this statute, the Court has jurisdiction over a non-consenting, non-resident defendant in a divorce action only if the plaintiff makes a showing that the defendant has minimum contacts with the state or territory. Harris Rutsky & Co. Ins. Services, Inc. v. Bell & Clements, 328 F.3d 1122, 1129 (9th Cir. 2003).

In Harris, the Ninth Circuit determined whether California could exercise personal jurisdiction over a non-resident defendant in a divorce action under the long-arm statute. The language of CCCP § 410.10 required the court to determine whether due process requirements would be met in an assertion of jurisdiction. Citing to International Shoe Co. v. Washington, 326 U.S. 310 (1945), the court held that jurisdiction under CCCP § 410.10 would have to meet the threshold minimum-contacts test of the United States Supreme Court. Harris, 328 F.3d

1122, 1129 (9th Cir. 2003) ("Due process requires that in order to subject a defendant to a judgment *in personam*, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."). The Ninth Circuit set forth a tri-partite test for minimum contacts: 1) the non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof (or avail himself of the privileges of conducting activities in the forum); 2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and 3) the exercise of jurisdiction must comport with fair play and substantial justice (and be reasonable). Id.

The Supreme Court of Guam has specifically adopted this test regarding personal jurisdiction over non-resident defendants in Guam, finding, "the Due Process Clause requires a defendant to have 'certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" Mariano, 2010 Guam 2, ¶ 23 (quoting PCI Commc'ns, Inc. v. GST Pacwest Telecom Haw., Inc., 1999 Guam 17 ¶ 17)(internal citations omitted); and Harris Rutsky & Co., 328 F.3d at 1129.

In this case, the Plaintiff has established that the Defendant is not a resident of Guam, but the complaint filed fails to meet any of the three requirements to show that the Defendant has ever had sufficient contact with Guam such that Guam could assert jurisdiction over her. In this complaint, the Plaintiff fails to properly allege that the Defendant has ever had any contact with Guam or any fact that would subject the Defendant to the personal jurisdiction of this Court.

To this end, on April 19, 2012, seven months after filing his complaint, the Plaintiff filed a document entitled "Supplemental Pleading," which contains factual allegations regarding

possible minimum contacts of the Defendant with Guam. This document cannot be properly considered by the Court. There is no such document as a "supplemental pleading" recognized by the Guam Rules of Civil Procedure. In fact, the Guam Rules of Civil Procedure specifically limit pleadings, stating:

> Pleadings. There shall be a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served. *No other pleading shall be allowed, except that the court may order a reply to an answer or a third-party answer.*

GRCP Rule 7(a)(2012)(emphasis added).

The meaning of this rule is clear. No "other" pleadings are allowed. GRCP Rule 10(a) re-emphasizes this streamlined set of pleadings, directing, "[f]orm of Pleadings. (a) Caption; Names of Parties. Every pleading shall contain a caption setting forth the name of the court, the title of the action, the file number, *and a designation as in Rule 7(a).*" GRCP Rule 10(a)(emphasis added). A pleading must be denominated as one of the pleadings permitted by Rule 7(a). Consequently, no pleading entitled "supplemental pleading" may be filed by any party. The Plaintiff could have filed an amended complaint under the rules, with leave of the Court, but did not request leave nor amend his initial complaint as permitted under GRCP Rule 15. Therefore, the Plaintiff's "supplemental pleading" is a nullity for the Court's purposes, and will not be considered.

Under the minimum-contacts test, the Court abstains from finding jurisdiction over the Defendant, at this juncture, because Plaintiff has failed to present convincing allegations of minimum contacts in his verified Complaint for Divorce. He has further failed to properly amend his complaint in order to clearly establish minimum contacts without further inquiry of the Court. Both the Plaintiff's and Defendant's proper pleadings establish that the Defendant is

not a resident, and has not consented to the divorce, and has reserved the defense of lack of personal jurisdiction in her answer. Jonnet v. Dollar Savs. Bank of the City of New York, 530 F.2d 1123, 1125, n.5 (3rd Cir. 1976). Solely reviewing the allegations of the complaint filed in this case, the Plaintiff has presented no pleading statement that sufficiently satisfies the minimum contacts test. Because this burden lies with the Plaintiff to plead and prove, the Court need not find personal jurisdiction over the Defendant. Even if the Court were to consider the "supplemental" pleading filed by the Plaintiff, the Court would still need more factual information to determine minimum contacts, thus, the issue of personal jurisdiction over the Defendant remains unresolved, even eight months after the filing of the complaint.

### 3) Notions of Fair Play and the Interests of Justice

The Court acknowledges that the first sentence of 19 GCA § 8318(a) seems to indicate that the Court is empowered to grant a decree of divorce when only one party is a resident of Guam. However, the language of this statute is *permissive*. The sentence states: "[a] divorce or dissolution of marriage *may* be granted if one (1) of the parties has been a resident of Guam for at least ninety (90) days immediately preceding the filing of a complaint for divorce, or dissolution of marriage." 19 GCA § 8318(a) (emphasis added). Under the statutory construction provisions of the Guam Code, the word "[s]hall is mandatory and may is permissive." 1 GCA § 724(9) (2012). The Court is not *required* to grant a divorce merely because one party has met the residency requirements of this first statute. The Court may do so, in its discretion, however, the Plaintiff must meet the requirements of this Chapter, including pleading and proving the residency of the Defendant, so that the Court may make the most informed decision regarding the entire action. The Court must be satisfied that it has jurisdiction and that Guam is the best forum for the action. This idea is later emphasized in 19 GCA § 8320, which states in relevant

portion: "[i]n the event of *uncontested, consent or default divorce actions*, the court *may* grant a divorce based upon the verified complaint of the Plaintiff or Petitioner *if it appears to be in the interests of justice*." 19 GCA § 8320 (emphases added).

Most significantly, the first sentence of 19 GCA § 8318(a) cannot be read in isolation. When read in conjunction with 19 GCA §§ 8318(b) and 8319, it appears that a divorce should be granted when only one party is a resident of Guam AND the other party consents and submits themselves to the jurisdiction of the Superior Court. When considered in light of the mandates of the United States Constitution and the Organic Act of Guam that the Superior Court of Guam cannot exercise jurisdiction over a non-resident defendant in the absence of consent or minimum contacts with the forum, it is apparent that the only other manner in which the Superior Court may exercise jurisdiction over a divorce action when only one party is a resident of Guam is when the non-resident defendant has satisfied the tri-partite minimum contacts test.

The Court is not making the finding that a divorce can never be granted when only one party is a resident of Guam, but rather, is making the finding that when only one party is a resident of Guam, in order to grant the dissolution of the marriage, either: 1) the non-resident Defendant must consent to the jurisdiction of the Superior Court of Guam; or 2) the Court must be able to find minimum contacts with Guam in order to abide by the Constitution and the Organic Act, and so as not to violate the interests of justice.

In this case, as plead, the Court finds none of the hallmarks of the notions of fair play, and finds nothing to show that the grant of this divorce would be in the interests of justice. This appears to be a divorce against a non-resident Defendant who is unable to substantially participate in the proceedings.

The Court is not properly apprised of the facts which would give the Court personal jurisdiction over the Defendant, such that the complaint is in violation of the statutory requirements. Further, the Plaintiff himself objects to the Court's jurisdiction to divide the sole alleged community asset of the marriage. Based on these defects, the Court is unable to determine: 1) whether the Court actually has jurisdiction over the Defendant and the Plaintiff; and 2) whether Guam is an appropriate venue for this action. The Plaintiff has failed to plead minimum contacts with Guam sufficient to satisfy the "interests of justice" or to show that "substantial justice" would be served by the exercise of personal jurisdiction over the Defendant in this divorce case. Further, the Court fails to see how the interests of justice would be served by granting a divorce, but abstaining from dividing the primary community asset, such that another action in another jurisdiction would need to be filed in order to dispose of that issue, as requested by the Plaintiff. This appears to constitute the ultimate waste of judicial resources in both this jurisdiction, and any other jurisdiction required to subsequently divide the marital asset.

### 4) *Forum Non Conveniens*

Somewhat recently, the United States Supreme Court, in Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp., 549 U.S. 422 (2007), affirmed the Court's prerogative to consider the issue of *forum non conveniens* prior to or in conjunction with other threshold considerations such as subject matter jurisdiction and personal jurisdiction:

> A *forum non conveniens* dismissal "den[ies] audience to a case on the merits," Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 585 (1999), it is a determination that the merits should be adjudicated elsewhere. See American Dredging Co. v. Miller, 510 U.S. 443, 454 (1994); Chick Kam Choo v. Exxon Corp., 486 U.S. 140, 148 (1988). The Third Circuit recognized that *forum non conveniens* "is a non-merits ground for dismissal." 436 F.3d, at 359; *accord* In re Papandreou, 139 F.3d, at 255; Monde Re In re Arbitration Between Monegasque De Reassurances S.A.M. (Monde Re) v. Nak Naftogaz of Ukraine, 311 F.3d 488, 497-98 (2d Cir.

2002). A district court therefore may dispose of an action by a *forum non conveniens* dismissal, bypassing questions of subject-matter and personal jurisdiction, when considerations of convenience, fairness, and judicial economy so warrant.

Id., at 432.

This case abrogated the prior United States Supreme Court case of Gulf Oil Corporation v. Gilbert, 330 U.S. 501, 504 (1947), and overruled Guam precedent based thereon. *See* PCI Communications, Inc. v. GST Pacwest Telecom Hawaii, Inc., 1999 Guam 17 ¶ 42.

A dismissal under the doctrine of *forum non conveniens* constitutes a non-merit decision by the trial court to abstain from the exercise of jurisdiction due to practical considerations of economy, fairness, practicality, and administration. As stated by the Supreme Court, "[w]e have characterized *forum non conveniens* as, essentially, 'a supervening venue provision, permitting displacement of the ordinary rules of venue when, in light of certain conditions, the trial court thinks that jurisdiction ought to be declined.'" Id., at 429–30 (quoting American Dredging, 510 U.S., at 453; *cf.* In re Papandreou, 139 F.3d, at 255 (*forum non conveniens* "involves a deliberate abstention from the exercise of jurisdiction").

Moreover, although the doctrine is usually applied in cases with international connotations, it still has domestic application between jurisdictions of the United States in those situations where the state or territorial jurisdiction chosen is improper and/or geographically remote from one party. Meaamaile v. American Samoa, 550 F.Supp. 1227, 1232, n. 9 (D. C. Hawaii, 1982); Brice v. C.R. England, Inc., 278 F.Supp.2d 487, 489-90 (E. D. Pa. 2003); Dart-Barnett Operating Co., LLC v. Esperada Texas, LP, Civil Action No. 1:07-cv-1099, *Opinion*, *3–4(W.D.Mich., August 28, 2008); *see also* Nanya Technology Corp. v. Fujitsu Limited, Civil Action No. 06-00025, *Order Re: Motion to Immediately Transfer for Convenience,* *3 (D. Ct. Guam, June 7, 2007).

The common-law doctrine of *forum non conveniens* "has continuing application [in federal courts] only in cases where the alternative forum is abroad," American Dredging, 510 U.S., at 449, n. 2, 114 S.Ct. 981, and perhaps in rare instances where a state or territorial court serves litigational convenience best. *See* 14D C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 3828, pp. 620-623, and nn. 9-10 (3d ed. 2007). For the federal-court system, Congress has codified the doctrine and has provided for transfer, rather than dismissal, when another federal court is the more convenient place for trial of the action. See 28 U.S.C. § 1404(a) ( "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.").

Sinochem Int'l, 549 U.S. at 432.

Although within the federal system, Congress has legislatively provided for the transfer of cases, rather than dismissal when *forum non conveniens* is implicated, there is no such system of transfer from the Superior Court of Guam to the courts of another state or territory. Instead, the Superior Court of Guam must dismiss in order for another jurisdiction to hear the matter. Because dismissal is concerned whenever the doctrine arises in a local matter, the Court must conduct an analysis of whether the doctrine should be applied in the interests of justice.

Justice Jackson's statement of the relevant factors is still the guiding test for determining whether dismissal for *forum non conveniens*, is appropriate:

An interest to be considered, and the one likely to be most pressed, is the private interest of the litigant. Important considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. There may also be questions as to the enforcibility of a judgment if one is obtained. The court will weigh relative advantages and obstacles to fair trial. *It is often said that the plaintiff may not, by choice of an inconvenient forum, "vex," "harass," or "oppress" the defendant by inflicting upon him expense or trouble not necessary to his own right to pursue his remedy.* But unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.
Factors of public interest also have place in applying the doctrine. *Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin.* Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation.

> In cases which touch the affairs of many persons, *there is reason for holding the trial in their view and reach rather than in remote parts of the country where they can learn of it by report only. There is a local interest in having localized controversies decided at home.* There is an appropriateness, too, in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself.

Gulf Oil Corporation v. Gilbert, 330 U.S. at 508–509 (1947) (emphases added).

The Supreme Court has reaffirmed this list of relevant factors. Sinochem Int'l, 549 U.S. at 429; and Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241 n. 6 (1981). The Sinochem court further distilled this list into three primary considerations that determine whether dismissal is appropriate:

> A federal court has discretion to dismiss a case on the ground of *forum non conveniens* "when an alternative forum has jurisdiction to hear [the] case, and ... trial in the chosen forum would establish ... oppressiveness and vexation to a defendant ... out of all proportion to plaintiff's convenience, or ... the chosen forum [is] inappropriate because of considerations affecting the court's own administrative and legal problems." American Dredging Co. v. Miller, 510 U.S. 443, 447–448, 114 S.Ct. 981, 127 L.Ed.2d 285 (1994) (quoting Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981), in turn quoting Koster v. (American) Lumbermens Mut. Casualty Co., 330 U.S. 518, 524, 67 S.Ct. 828, 91 L.Ed. 1067 (1947)). Dismissal for *forum non conveniens* reflects a court's assessment of a "range of considerations, most notably the convenience to the parties and the practical difficulties that can attend the adjudication of a dispute in a certain locality." Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 723, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996) (citations omitted).

Sinochem Int'l, 549 U.S. at 429.

When determining the factor of convenience to the Plaintiff in comparison to the inconvenience to the Defendant, the Supreme Court noted that there is a burden shift whenever the Plaintiff chooses to maintain suit outside of his home jurisdiction:

> A defendant invoking *forum non conveniens* ordinarily bears a heavy burden in opposing the plaintiff's chosen forum. When the plaintiff's choice is not its home forum, however, the presumption in the plaintiff's favor "applies with less force," for the assumption that the chosen forum is appropriate is in such cases "less reasonable."

Id., at 430 (quoting Piper Aircraft Co., 454 U.S., at 255–256).

> In judging the proper weight to be given a plaintiff's choice of forum, a court must consider both "the defendant's business contacts with the chosen forum and [ ] the plaintiff's contacts, including those relating to his cause of action. If the operative facts have not occurred within the forum of original selection and that forum has no particular interest in the parties or the subject matter, the plaintiff's choice is entitled only to minimal consideration."

Nanya Technology Corp. v. Fujitsu Limited, Civil Action No. 06-00025, *Order Re: Motion to Immediately Transfer for Convenience* (D. Ct. Guam, June 7, 2007)(quoting Pacific Car and Foundry Company v. Pence, 403 F.2d 949, 954 (9th Cir.1968)).

Although he initially established the minimum requirements of residency here, the Plaintiff never intended to establish permanent residence in Guam, based on his deployment status, and shortly after filing suit, he left Guam. Plaintiff's ill-conceived intent to file suit in Guam and thereafter permanently depart from Guam with assets intact is shown in the "NON-WAIVER and NON-CONSENT To division of military Retirement Pension." From this document, it is plain that the Plaintiff merely sought to file for divorce in Guam in order to ensure the inability of the Defendant to participate in the matter due to Guam's distance, and further, to attempt to keep his military retirement funds undivided as part of the divorce proceedings.

Now, after his relocation back to the continental United States, the Plaintiff finds himself in a similar position to the plaintiffs in Sinochem and Fujitsu, as the Plaintiff has filed suit in a forum that is not his current place of residence. In fact, neither the Plaintiff nor the Defendant has a significant connection to Guam. Next, the acts giving rise to the action occurred outside of Guam, and Guam itself, as the original chosen forum, has no particular interest in these parties, or the matter of their divorce. Further, the issue of jurisdiction in Guam

is unclear, and is very much in contention, as the Court cannot determine personal jurisdiction over the Defendant based upon the pleadings. Finally, it is clear that at least one other jurisdiction, Virginia, the residence of the Defendant and the home state of the parties' child, has already exercised jurisdiction over proceedings relating to the separation of the parties, such that it could provide a proper forum for this action. Given the similarities between this case, the Fujitsu case, and Sinochem, this court finds no reason why the doctrine of *forum non conveniens* would not apply.

The Plaintiff has failed to convince the Court that justice will be served by any attempt to assert personal jurisdiction over the Defendant. More importantly, the Plaintiff has convinced the Court of the inconvenience of Guam as a forum for all involved in this divorce action—for the Court, the Defendant, and the Plaintiff himself. The Plaintiff is not physically present in Guam, and was very much inconvenienced when he did visit, as the trial in this matter had to be re-scheduled due to an on-going criminal jury trial, rendering the Plaintiff's expenditure of time and money futile and unproductive. The Defendant has not been physically present for any of the proceedings in this matter, and the Court has been thoroughly inconvenienced by both re-scheduling and the Defendant's attempts to appear *pro se*, through *ex parte* inadmissible letters written to the Court, which the Court is required to disclose and disregard, creating administrative vexation for the Court. Taking into account both the lack of any assets or other interests located in Guam as part of this case, the Court's crowded docket, and the time which has already been consumed by this case, there is no practical reason that the Superior Court of Guam should be involved in the adjudication of this matter. As a final consideration, the Court is aware that the Plaintiff is attempting to utilize the proceedings in Guam to avoid certain asset division, the result of which will be the initiation of further

proceedings in another jurisdiction to divide the asset, causing the duplication and waste of judicial resources. It is apparent that the interests of justice will not be served by hearing this matter in Guam.

As stated by the Supreme Court, "where subject-matter or personal jurisdiction is difficult to determine, and *forum non conveniens* considerations weigh heavily in favor of dismissal, the court properly takes the less burdensome course." Sinochem, at 436. For these reasons, the Complaint for Divorce is DISMISSED on the basis of *forum non conveniens*.

## CONCLUSION

Based upon a review of the complaint and other relevant documents, the Court finds that the Plaintiff has failed to properly allege means by which the Court should exercise personal jurisdiction over either the Plaintiff or the Defendant in consideration of the notions of fair play and justice. The Court finds that under the circumstances apparent, this action presents itself as an attempt to obtain a divorce at the inconvenience of all involved, without the participation of the Defendant, and without dividing one of the most important assets of the community; the Plaintiff's military retirement benefits.

Consequently, the Complaint for Divorce is DISMISSED WITHOUT PREJUDICE, so that either the Plaintiff or Defendant may re-file this action in another, more convenient forum.

**IT IS SO ORDERED** this <u>MAY 1 8 2012</u>.

HONORABLE ARTHUR R. BARCINAS
Judge, Superior Court of Guam

I do hereby certify that the foregoing
is a full true and correct copy of the
original on file in the office of the
clerk of the Superior Court of Guam.

MAY 1 8 2012

Jerry T. Guerrero
Deputy Clerk, Superior Court of Guam